IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMARK WILLIAMS, SR., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAMBRIDGE INTEGRATED SERVICES GROUP ET AL., | : | |
| | : | |
| Defendants. | : | No. 04-1971 |

**Stengel, J.**

## MEMORANDUM

On March 22, 2004, pro se plaintiff Amark Williams filed this civil action in the Montgomery County Court of Common Pleas, raising several claims under the Employee Retirement Income Security Act, Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. On May 6, 2004, defendants Cambridge, Barbara Brown, Debra DeLuca, Cindy Rathgeb, Mary Ann Doyle, Lolita Liggons, and Tami Parker removed this action to this court, noting that this court has federal question jurisdiction. (Defendant DHL Airborne later joined in the removal.) Defendants then filed a motion to strike the complaint because the complaint is unclear.[1] On June 3, 2004, defendants filed a motion requesting that their motion to strike be granted as uncontested. On September 30, 2004, plaintiff filed a motion to remand and

---

[1] Specifically, defendants noted that the Complaint was ninety-seven (97) pages long and contained 427 numbered paragraphs.

for costs on the grounds of defective removal. This court then scheduled a status conference for November 2, 2004. On October 13, 2004, defendants filed a response, noting that plaintiff received notice of the removal and that this court has federal question jurisdiction. On October 26, 2004, plaintiff filed a motion to stay these proceedings pending this court's ruling on plaintiff's motion to remand and for costs. On October 28, 2004, defendants filed a response, stating that plaintiff's motion to stay these proceedings was an attempt by plaintiff to avoid attending the November 2, 2004 status conference. On November 2, 2004, after plaintiff failed to appear for the status conference, this court denied plaintiff's motion to stay the proceedings and granted defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 16(f).[2] On November 12, 2004, after the case had been dismissed, plaintiff filed four additional motions and a notice of appeal. On November 16, 2004, this court entered an order dismissing as moot all motions filed after the November 2 dismissal. The November 16 order further ordered the plaintiff to certify that any future motions be new issues that had not already been raised. On November 21, 32004, plaintiff appealed the November 16 order to the Third Circuit.

Plaintiff's appeal was dismissed for failure to timely prosecute on January 13, 2005, but was re-opened on March 4, 2005. On August 29, 2005, the Third Circuit vacated this court's November 3 and November 17 orders and remanded for further consideration. That order was entered on September 21, 2005.

---

[2] I note that on October 24, 2004, Mr. Williams notified the court that he had recently undergone surgery and was taking prescription painkillers three times a day.

On remand, a status conference was scheduled for October 5, 2005. Plaintiff did not appear at that conference. On October 6, 2005, this court granted the defendants' motion to strike the complaint. Plaintiff was directed to file an amended complaint within 20 days of the order. Plaintiff did not file an amended complaint. On November 7, 2005, this court scheduled a hearing, directing plaintiff to show cause why the case should not be dismissed for failure to file an amended complaint. Plaintiff was notified by first class and certified mail at the address which he provided to the Clerk of Court, and to opposing counsel. On November 14, 2005 and December 13, 2005, the mail was returned as undeliverable.[3] The Show Cause hearing was held on December 5, 2005. Plaintiff did not appear.

The factors to consider when determining whether to dismiss a case with prejudice for failure to comply with court orders were enumerated by the Third Circuit in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The Poulis factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. So long as most factors weigh in favor of dismissal, the District Court may

---

[3] Pursuant to the Local Rules of Civil Procedure in the Eastern District of Pennsylvania, a pro se party is required to notify the Clerk of Court of any address change within ten (10) days of the change. E.D. PA. R. CIV. P. 5.1(b).

dismiss an action for failure to comply.

Here, the <u>Poulis</u> factors weigh heavily in favor of dismissal. First, I find that the responsibility for Mr. Williams' nonresponsiveness lies solely with him. He has not proffered any evidence of extenuating circumstances[4], neither has he informed the clerk of court of his change in address. Second, the defendants in this action have doubtlessly been prejudiced by Mr. Williams' behavior. They have been unable to properly defend themselves. Moreover, as Mr. Williams continues to decline to participate in this litigation, there is no real prospect of resolution of this matter. Thus, defendants' costs will increase indefinitely. Third, there is certainly a history of dilatoriness on plaintiff's part.[5] From the moment this case was removed to federal court, Mr. Williams has repeatedly failed to attend hearings and conferences. He has further failed to comply with court orders or the local Rules of Civil Procedure. Fourth, because notice has repeatedly been mailed to Mr. Williams and he has not responded, his wilfulness can be inferred. <u>See. e.g.</u> <u>Henley v. Saddler</u>, Civ. No. 95-7736, 1996 WL 296528, *3 (E.D.Pa. June 3, 1996). Moreover, I find that his behavior throughout this litigation evidences a wilful disregard for the responsibilities of litigation and, more generally, for the authority of this court. Fifth, Mr. Williams has shown a disdain for court orders and proceedings, it

---

[4] Mr. Williams did not proffer any evidence of his inability to participate in the litigation aside from noting that he had surgery in October 2004.

[5] Establishing a history of dilatory behavior requires a showing of a series of events that establish a pattern. See <u>Baxter v. Lancaster County</u>, 214 F.Supp.2d 482, 485 (E.D.Pa. 2002)

appears to me to be futile to attempt, again, to sanction him in any other way than by dismissing this action.

Therefore, because plaintiff has failed to prosecute his action, and has failed to comply with court orders and the Rules of Civil Procedure, I will dismiss his case with prejudice. An appropriate Order follows.

**<u>ORDER</u>**

**AND NOW**, this      day of December, 2005, it is hereby **ORDERED** that this case is **DISMISSED** with prejudice for failure to prosecute.

The clerk of court is directed to close this case for statistical purposes.

———————————————
LAWRENCE F. STENGEL, J.
